NEUKAM *v.* NEUKAM.

(No. CI-74-250—Decided April 8, 1983.)

Court of Common Pleas of
Paulding County.

*Mr. Howard S. Grimm,* for plaintiff Otis Robert Neukam.
*Ms. Margery J. Neukam, pro se.*

HITCHCOCK, J. Defendant mother asks an increase in child support for son Neil Robert born on December 27, 1969, in excess of that ordered on February 21, 1978 by reason of a material change in circumstances. Plaintiff father opposes the action and claims denial of visitation and refusal to pay amounts adjudged him in the February 21 order for attorney fees totaling $229. Father also suggests it would be for son's best interest if general care and custody were to be changed from mother to father.

The motions of the parties were heard and the court finds that when the 1978 order was made the parties had take-home income as follows: father, $10,400; mother $6,500.

Now, mother is employed by Help is Here, an organization serving senior citizens in the Toledo, Ohio, area and is receiving $130 weekly in take-home pay. Father continues to be employed at B. F. Goodrich Co., Woodburn, Indiana, and has weekly take-home pay of $275. Consequently, the parties' take-home prospects for 1983 are: father, $14,300; mother $6,760.

Mother continues to have no one to support except herself and son Neil; father has, besides Neil, a present wife and her two children to support.

Clearly, Neil is now five years older and is completing the seventh grade at DeVeaux Junior High in Toledo. Mother's take-home income is up four percent; father's is up thirty-seven and one-half

percent. Further, the "All Items" section of the Cost-of-Living Index found at Paragraphs 1881 and 1886 of Prentice-Hall, 1 Personnel Management — Labor Relations (1983), stood at 292.4 for the month last reported there, December 1982. For the same month five years previous it stood at 186.1, showing an increase of 106.3 points or a 57.1 percent increase.

Considering all these factors the court finds that father's obligation to pay support for Neil should be increased from $20 per week to $30 plus poundage of two percent, making a total of $30.60 to be paid to the clerk of this court, each week as and for support of the child Neil R. Neukam, effective Friday, April 1, 1983.

Defendant mother admits she has never paid the $229 which she was ordered to pay plaintiff in 1978. The court notes that six percent interest on this sum for five years amounts to $68.70, which would make a total of $297.70. As the mother does not have this sum, the court will require that for the first thirty weeks of support payable as now ordered, defendant be given credit for having paid $10 each week toward the discharge of this obligation which will then be considered fully paid.

Because son Neil is over thirteen years of age and is generally satisfied with his present situation and no good reason is alleged for changing his custody, plaintiff's motion asking that custody be taken from defendant and given to him is overruled. See, also, R.C. 3109.22.

Further, the court finds the provisions for visitation should be changed so that son is with father from the last Friday in June to the last Friday in August prior to the day school begins. Normally, this is a period of eight weeks, during which time father should be relieved from the making of any payments of support.

Further, every second weekend of each month when son is with mother, father shall have visitation from Friday at 7:00 p.m. to Sunday at 7:00 p.m.; likewise, during the months son is with father, mother shall have visitation the second weekend of each month. These provisions supplant the court's "Standard Rules for Custody and Visitation" except as for holidays where such provisions shall govern unless changes agreeable to both parents and the child should be made.

*Judgment accordingly.*